09-0369-cr(L); 09-0428-cr(CON)
United States v. Sanchez and Zarate

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of March, two thousand and ten.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
RICHARD C. WESLEY,
 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

 *Appellee,*

 -v.-    09-0369-cr(L)
    09-0428-cr(CON)

ISMAEL JIMENEZ SANCHEZ and EDGAR PINEDA ZARATE,

 *Defendants-Appellants,*

RICARDO GONZALEZ DURANGO, CESAR JULIAN PARRA MONTOYA, LUIS ALBERTO VANEGAS LEIVA, and ROSA ALONZO,

 *Defendants.**

---

* The Clerk of the Court is respectfully directed to amend the official captions in these actions to conform to the caption in this summary order.

FOR APPELLANT ISMAEL JIMENEZ SANCHEZ: JOHN M. RODRIGUEZ, New York, NY.

FOR APPELLANT EDGAR PINEDA ZARATE: ANDREW ST. LAURENT (Brian Sheppard, *on the brief*), New Hyde Park, NY.

FOR APPELLEE: SARAH Y. LAI, Assistant United States Attorney (Alexander J. Willscher, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeals from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that: (1) the government's motion for summary affirmance of the judgment of conviction of defendant-appellant Sanchez is **GRANTED;** (2) the *Anders* motion filed by Sanchez's counsel is **GRANTED;** and (3) the judgment of conviction of defendant-appellant Zarate is **AFFIRMED.**

Defendants-appellants Edgar Pineda Zarate and Ismael Jimenez Sanchez appeal their respective convictions arising out of their separate guilty pleas to narcotics-related offenses. Zarate and Sanchez each pled guilty to one count of conspiring to distribute and possess with intent to distribute one or more kilograms of heroin, in violation of 21 U.S.C. § 846. Zarate also pled guilty to an additional

2

count of conspiring to import into the United States one or more kilograms of heroin, in violation of 21 U.S.C. § 963. Zarate was sentenced to 108 months' imprisonment, 5 years' supervised release, and a $200 special assessment. Sanchez was sentenced to 72 months' imprisonment, 3 years' supervised release, and a $100 special assessment. We assume the parties' familiarity with the underlying facts and remaining procedural history.

With respect to Sanchez, his counsel has moved for permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there is no colorable issue for appeal, and the government has filed a motion seeking either dismissal of his appeal or summary affirmance of his conviction. Having reviewed the submissions relating to these motions, we agree with Sanchez's counsel and the government that there are no non-frivolous issues that could be raised by Sanchez on appeal. Accordingly, the *Anders* motion is granted and Sanchez's conviction is affirmed.

Next, Zarate challenges the 108-month term of imprisonment that he received as part of his sentence. Zarate acknowledges that this term of incarceration fits comfortably within the applicable Sentencing Guidelines

3

range.  Nevertheless, he asserts that the below-Guidelines term of imprisonment received by his co-defendant, Sanchez, caused his sentence to be marred by unwarranted sentencing disparity.  *See* 18 U.S.C. § 3553(a)(6).  However, the district court gave reasons for its more lenient sentence of Sanchez.  In light of those reasons, the two defendants were not similarly situated.  The court was not obligated under the principle of procedural reasonableness to give any more extensive explanation than it gave.  *See United States v. Fernandez*, 443 F.3d 19, 29-30 (2d Cir. 2006).  Therefore, we are unpersuaded that Zarate's sentence was substantively or procedurally unreasonable.

We have considered each of appellants' arguments and find them to be without merit.  Accordingly, the *Anders* motion filed by Sanchez's counsel is **GRANTED**, the government's motion for summary affirmance as to Sanchez is **GRANTED**, and the district court's judgments of conviction relating to both Sanchez and Zarate are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4